**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

MATTHEW LANE                                                              PLAINTIFF

V.                                    No. 3:25-CV-00285-ERE

SOCIAL SECURITY ADMINISTRATION,
Commissioner                                                             DEFENDANT

**ORDER[1]**

Plaintiff Matthew Lane appeals the Social Security Administration Commissioner's final decision denying his application for disability benefits. For the reasons below, the Commissioner's decision is AFFIRMED.

**I.    Background**

On February 22, 2023, Mr. Lane filed an application for benefits due to rheumatoid arthritis, depression, anxiety, high blood pressure, and high cholesterol. *Tr. 17, 416.*

Mr. Lane's claim was denied initially and upon reconsideration. At Mr. Lane's request, an Administrative Law Judge ("ALJ") held hearings on April 18, 2024 and February 12, 2025, where Mr. Lane appeared with his lawyer, and the ALJ heard testimony from Mr. Lane and a vocational expert ("VE"). *Tr. 58-88.* On February 21, 2025, the ALJ issued a decision finding that Mr. Lane was not

---

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 4.*

1

disabled. *Tr. 17-26.* The Appeals Council denied Mr. Lane's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3.*

Mr. Lane, who was forty-five years old at the time of the second hearing, has a high school education and past relevant work experience as a cook and deli associate. *Tr. 24-25, 83.*

## II.    The ALJ's Decision[2]

The ALJ found that Mr. Lane had not engaged in substantial gainful activity from the alleged onset date of January 5, 2022 through December 31, 2024, the date last insured. *Tr. 19.* The ALJ also concluded that Mr. Lane had the following severe impairments: morbid obesity, chronic fatigue, rheumatoid arthritis, chronic pain syndrome, osteoarthritis, and fibromyalgia. *Id.* However, the ALJ concluded that Mr. Lane did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 21.*

According to the ALJ, Mr. Lane had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) no climbing ladders, ropes, or scaffolds; (2) no crawling; (3) occasional climbing of ramps or stairs; (4)

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

2

occasional balancing, stooping, and crouching; (5) no exposure to moving machinery, open flames, or unprotected heights; (6) frequent reaching, handling, fingering, and feeling bilaterally; and (7) only simple instructions. *Tr. 22, 75.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Mr. Lane could perform, including office helper, sales attendant, and merchandise marker. *Tr. 25, 75.* Accordingly, the ALJ determined that Mr. Lane was not disabled.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.    Mr. Lane's Arguments for Reversal

Mr. Lane contends that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ erred in the RFC finding; and (2) his impairments met or medically equaled a listing. *Doc. 10.* After carefully considering the record as a whole, I affirm the Commissioner.

### C.    Analysis

#### 1.    The RFC

Mr. Lane asserts that the RFC is erroneous because "there is positive evidence that [he] is unable to work in a competitive work environment" and the ALJ "did not supply any positive evidence that there were jobs available given [his] limitations." *Doc. 10*.

"A claimant's RFC is 'the most' that the claimant can do in a work setting despite [his] limitations." *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022) (quoting 20 C.F.R. § 404.1545(a)(1)). A claimant "bears the burden of proof to establish [his] RFC." *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019). "An ALJ determines a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Combs v. Berryhill*, 878 F.3d 642,

646 (8th Cir. 2017) (quotations omitted). Ultimately, the RFC finding "is a decision reserved to the agency such that it is neither delegated to medical professionals nor determined exclusively based on the contents of medical records." *Norper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020).

Mr. Lane's arguments boil down to his disagreement with the ALJ's interpretation of the evidence of record. However, the issue before the Court is not whether substantial evidence supports Mr. Lane's claim, but whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022).

Mr. Lane points out that his counselor, Glen Strawn, noted several mental impairments, found numerous work limitations, and concluded that Mr. Lane would be absent from work more than four days per month. *Doc. 10 at 3*. The ALJ rejected this opinion as non-persuasive, finding that "it was not supported by the evidence and was inconsistent with mental status examinations in the record." *Tr. 20-21*. Mr. Lane provided no additional argument or citations to rebut the ALJ's findings on this issue. Additionally, the ALJ relied on two state agency psychological consultants' assessments that Mr. Lane's mental impairments were non-severe and resulted in only mild limitations. *Tr. 20, 90-105*.

Despite Mr. Lane's claim of "many side-effects to medications" the record is replete with reports of no side-effects. *Doc. 10 at 4; Tr. 898, 958, 977, 1075, 1076, 1083, 1084, 1086, 1089, 1090, 1092, 1098, 1101, 1103, 1104, 1106, 1111, 1112, 1114, 1118, 1120, 1130, 1146, 1237, 1250, 1256, 1268, 1270, 1313, 1320, 1351.*

Mr. Lane notes that several family members and friends submitted witness letters supporting his allegations of disabling impairments. *Doc. 10 at 3, 8*. While witness letters may support a claim of disability, they, apparently, did not persuade the ALJ when considered along with the evidence as a whole. The ALJ did not err in not specifically addressing the letters. 20 C.F.R. § 404.1520c(d) ("We are not required to articulate how we considered evidence from nonmedical sources . . . .").

Mr. Lane argues that the ALJ did not "supply any positive evidence that there were jobs available given [his] limitations." *Doc. 10 at 4*. To the contrary, the ALJ relied on testimony from a VE that considered limitations consistent with those supported by the record. That testimony provided substantial evidence supporting the ALJ's conclusion that there were significant numbers of potential jobs in the national economy that Mr. Lane could perform. *Tr. 25-26, 76-78. Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010) ("A vocational expert's testimony constitutes substantial evidence when it is based on a hypothetical that accounts for all of the claimant's proven impairments."). "To the extent the ALJ did not adopt all of the limitations Plaintiff stated in [his] testimony, it is reasonable to believe that the ALJ

6

found that Plaintiff was not that limited." *Eldred v. Saul*, No. 19-05075-CV-SW-MDH-SSA, 2020 WL 7138623, at *3 (W.D. Mo. Dec. 7, 2020).

The record contains substantial evidence to support the ALJ's finding that Mr. Lane could perform a reduced range of light work.

### 2.    Listings

Mr. Lane's asserts that "[t]he weight of the evidence demonstrates that [he] meets at least the medical equivalency standard for a neurocognitive disorder under . . . Listing 12.04."[3] *Doc. 10 at 10-11*. Again, Mr. Lane simply disagrees with the ALJ's analysis of the record as a whole. The ALJ specifically rejected the evidence related to listing 12.04, finding it inconsistent with the mental status examinations in the record, and ultimately found that Mr. Lane's mental impairments were non-severe. *Tr. 20-21*. Further scrutiny is unnecessary because Mr. Lane's cursory arguments provided no substantive "analysis of the relevant law or facts" regarding the listing. *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) ("rejecting out of hand . . . conclusory assertion[s] that the ALJ failed to consider whether [claimant] met listings"). "The burden of proof is on the [claimant] to establish that his or her impairment meets or equals a listing." *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). Mr. Lane has not met his burden.

---

[3] The heading of this section of Mr. Lane's brief also mentions Listing 12.05, 14.09, and 4.02, but he does not develop any arguments related to these listings in the body of the brief.

## IV.  Conclusion

The ALJ applied proper legal standards in evaluating Mr. Lane's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that the Commissioner's decision is affirmed, and judgment will be entered accordingly.

Dated 9 July 2026.

_____
UNITED STATES MAGISTRATE JUDGE